Tyler E. Baker (New Jersey Bar No. 44392011)
Paul W. Garrity (*pro hac vice* application forthcoming)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
tbaker@sheppardmullin.com
pgarrity@sheppardmullin.com
(212) 653-8700 (phone)

James C. Wald (*pro hac vice* application forthcoming)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
jwald@sheppardmullin.com
(310) 228-3700 (phone)

*Attorneys for Plaintiff*
*Silo Pharma, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILO PHARMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SW HOLDINGS, INC., <br><br> Defendant. | Civil Action No. _____ <br><br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Silo Pharma, Inc. ("Plaintiff" or "Silo Pharma") by its undersigned

counsel, Sheppard Mullin Richter & Hampton LLP, for its Complaint against

defendant SW Holdings, Inc. ("Defendant" or "SW"), alleges as follows:

## NATURE OF THE CASE

1.      This action involves a trademark dispute concerning Plaintiff's right to use the name and service mark SILO PHARMA, and the stock ticker symbol SILO, in connection with Plaintiff's operation of a publicly-traded biopharmaceutical company.

2.      Silo Pharma has spent a substantial amount of time, effort, and money to brand itself as one of the first publicly-traded entrants into the market for psychedelic pharmaceuticals.  Yet, the day after Silo Pharma announced its name and ticker symbol (SILO) through a public release, Defendant SW sought to undermine its efforts and capitalize on the goodwill Silo Pharma has developed.  In particular, SW filed trademark applications in the United States Patent and Trademark Office ("USPTO") for marks incorporating the term "Silo" based upon alleged development of a "magic mushroom nasal spray" outside of the United States (in Jamaica) and on claimed use of the marks on a food product – a mushroom extract for use as an additive to coffee beverages.  SW then threatened Silo Pharma with a trademark infringement lawsuit for using the designation "Silo" in connection with Silo Pharma's research and development services in connection with FDA-regulated pharmaceuticals.

3.      SW's threats to enjoin Silo Pharma from using its own name and stock ticker symbol are baseless.  There is no likelihood of confusion between the

parties' products and services.  Not only are the parties engaged in different businesses, SW's purported trademarks do not merit protection.  An actual controversy exists between the parties.  Declaratory relief to determine the rights and obligations of the parties with respect to the use of the designation "Silo" (including service marks incorporating the term, such as the mark SILO PHARMA, and the stock ticker symbol SILO) is warranted, as explained below.

## THE PARTIES

4.      Silo Pharma is a biopharmaceutical corporation organized and existing under the laws of Delaware, with its principal place of business at 560 Sylvan Avenue, Suite 3160, Englewood Cliffs, New Jersey 07632.  Silo Pharma focuses on developing and commercializing psychedelic drug therapies to treat patients who suffer from major emotional disturbances, such as post-traumatic stress disorder, depression, anxiety, addiction, Alzheimer's disease, Parkinson's disease, and other neurological disorders.  It is one of the first publicly-traded entrants in the psychedelic drug market in the United States.

5.      On information and belief, SW is corporation organized and existing under the laws of Oregon, with its principal place of business at 33687 Ridge Road, Afton, Oklahoma 74331.  On information and belief, SW developed a nasal spray product in the country of Jamaica and, more recently, has offered a limited

range of mushroom extract products.  SW disputes Silo Pharma's use of the SILO

PHARMA name and service mark, and the use of the stock ticker symbol SILO.

## JURISDICTION AND VENUE

6.     This is an action for declaratory judgment arising under the Federal

Declaratory Judgments Act (28 U.S.C. §§ 2201 and 2202).

7.     This Court has original jurisdiction over the subject matter of this

action pursuant to 28 U.S.C. §§ 2201 and 2202, because this action involves an

actual controversy concerning the infringement of United States trademarks.

8.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) or

(c) because, on information and belief, SW has done business in this district and/or

a substantial part of the events giving rise to Silo Pharma's claims occurred in or

were aimed at this judicial district.  On information and belief, SW telephoned and

emailed Silo Pharma in New Jersey demanding that Silo Pharma cease and desist

from using the SILO ticker symbol and the SILO PHARMA name and service

mark, sent a cease and desist letter to Silo Pharma in New Jersey, and has

participated in telephone calls and sent emails to Silo Pharma's counsel in

connection with its enforcement efforts prior to the filing of any lawsuit

concerning the SILO mark.  In addition, on information and belief, SW maintains a

website where New Jersey customers can purchase its products (*see*

https://siloreboot.com/pages/shipping-policy (last visited on October 27, 2020) and

conducts sales with New Jersey customers.  Still further, SW applied for

trademarks and thereby has sought to assert priority in those trademarks throughout

the United States, including New Jersey.

## FACTUAL ALLEGATIONS

Silo Pharma's Development of the Silo Brand

9.     Silo Pharma was formerly known as Uppercut Brands, Inc.

("Uppercut"), which began doing business under the name Silo Pharma on or about

January 15, 2020.

10.     Uppercut, a publicly-traded company listed on the OTCQB Venture

Market in the United States, in late March 2020 filed an application for a Name

Change & Symbol Change with the Financial Industry Regulatory Authority, Inc.

("FINRA").[1]  Uppercut sought to change its name to "Silo Pharma" and its stock

ticker symbol to SILO.  On April 8, 2020 "Silo Pharma, Inc." was incorporated in

Florida as a wholly-owned subsidiary of Uppercut.

11.     While Uppercut's application was pending before FINRA, Silo

Pharma pursued opportunities in the pharmaceutical business.  Silo Pharma sought

to acquire and/or develop intellectual property or technology rights from leading

universities and researchers to treat patients with depression, mental health

problems, and/or neurological disorders.  For example, Silo Pharma entered into a

---

[1] FINRA is a regulatory body that oversees the broker-dealer industry for publicly
traded companies in the United States, including the OTC marketplace.

commercial evaluation license and option agreement with the University of

Baltimore, Maryland on or about July 15, 2020.

12.     In or about September 2020, FINRA approved Uppercut's application

to change its name to Silo Pharma.  With approval of the Name Change & Symbol

Change request from FINRA, Uppercut on September 24, 2020 filed a Certificate

of Amendment with the Delaware Secretary of State changing the name of the

company to Silo Pharma, Inc.  Neither FINRA, the Delaware Secretary of State,

nor any other governmental or regulatory body has expressed any concern over the

name that Uppercut had selected.

13.     FINRA also authorized Silo Pharma to trade its stock under the ticker

symbol "SILO" effective on or about September 28, 2020.  That day, Uppercut

issued a public release announcing its name change to Silo Pharma and ticker

symbol change to SILO. [2]

SW's Interference with Silo Pharma

14.     The next day, on or about September 29, 2020, SW engaged in a

series of activities to interfere with Silo Pharma's rights in the name and mark

SILO PHARMA.  In response to Silo Pharma's announcement of its name change

---

[2] Silo Pharma is the owner of a service mark application (Ser. No. 90249449)
pending in the USPTO to register the mark SILO PHARMA for use in connection
with "Biological research; Laboratory research services relating to
pharmaceuticals; Medical research; Pharmaceutical drug development services;
Pharmaceutical research services; Product research and development."

and the ticker symbol change by FINRA, SW filed federal trademark applications for the claimed marks "SILO REBOOT" and "SILO WELLNESS" (the "Claimed Marks").  In those trademark applications, SW claims to have been making use in commerce of the Claimed Marks in connection with a range of goods and services which do not correlate to the limited uses identified by SW on its public-facing website at www.silowellness.com.  Rather, SW targeted its applications to overlap with Silo Pharma's business to foster confusion between the parties' brands.  Silo Pharma intends to oppose those applications before the USPTO.

15.     The same day it filed its trademark applications, SW also contacted Silo Pharma alleging that Silo Pharma had purposefully adopted the SILO PHARMA name and mark, together with the SILO stock ticker symbol, to trade upon the Claimed Marks and SW's purported rights to the Claimed Marks in the psychedelic drug market.  Silo Pharma's selection of its brand name was, however, coincidental.  At the time it selected its name, Silo Pharma was unaware of any products or services (if any) rendered by SW under the Claimed Marks in the United States.  Indeed, Silo Pharma was unaware of SW's existence until months after it filed its application before FINRA to change its name and stock ticker symbol.

SW's Demand Letter

16.     SW sent Silo Pharma a letter dated October 14, 2020  (the "Demand

Letter").  In that letter, SW demanded that Silo Pharma cease and desist using the

SILO PHARMA mark for pharmaceutical drug development and research services.

According to SW, it was an "early-mover and leader" in the psilocybin and

functional mushroom space, and claimed that it had publicly promoted its research

and development efforts since at least the summer of 2019.  SW also alleged that it

has used the Claimed Marks to promote its "services and offerings" in the

"psilocybin and functional mushroom space."

17.     In its Demand Letter, SW also threatened to sue Silo Pharma for

trademark infringement and demanded that Silo Pharma (a) cease use of the word

"SILO" and other similar phrases to the SILO trademark in relation to mushrooms

and psilocybin; (b) never use the SILO mark, or any derivations thereof, in any

website, website source code, domain name, domain URL extension, company

name, stock ticker symbol, assumed name, social media, account, online postings,

videos, any kind of advertising materials, oral or written, including within keyword

ad text and the search terms for keyword ads in the future in connection with these

or related services; and (c) withdraw any pending state or federal trademark

application for any mark incorporating SILO, all by November 13, 2020.

Silo Pharma's Contentions

18.     Silo Pharma has responded to SW's threats and explained why Silo

Pharma's continued use of the name and mark SILO PHARMA and the stock

ticker symbol SILO was and is proper, and does not infringe SW's alleged

trademark rights.

19.     Silo Pharma and SW have different business models.  On information

and belief, SW appears to be pursuing an anticipated business in the United States

which relies upon the legalization of recreational use of psilocybin.  On SW's

website, SW identifies its prospective business as follows:

> If the legalization of psilocybin is successful, Silo intends
> to offer psilocybin *retreats* in Oregon as well as pursue a
> clinical psilocybin-assisted *counseling* element with
> patients using the psilocybin nasal spray prior to sessions
> through either licensees or through Silo's own branded
> psilocybin service centers.

*See* https://www.silowellness.com/nasal-spray/ (last visited October 26, 2020)

(emphasis added).  By contrast,  Silo Pharma operates a biopharmaceutical

company, marketing expensive services (i.e., clinical research and drug

development) to sophisticated purchasers (i.e., drug companies).

20.     As Silo Pharma has explained to SW, there is no likelihood of

confusion between the parties' marks.  On information and belief, SW offers the

following two products: (a) a metered dosing psilocybin product developed and

offered outside of the United States, and (b) an unregulated food product.  As Silo

Pharma explained, sales outside of the United States confer no common law rights in this country.  Furthermore, on information and belief, SW commenced sales of its mushroom extracts only recently, and after Silo Pharma adopted its name and mark.

21.     As Silo Pharma also explained, to the extent that SW has rights in the Claimed Marks, the marks are not strong.  SW has provided Silo Pharma with no evidence of actual confusion, no evidence that Silo Pharmaceuticals adopted and used its mark in bad faith, and no evidence that the consuming public of the single product SW offers for sale in the United States (a mushroom extract to be added to coffee) would expect SW to offer FDA-regulated pharmaceutical drug development and research services.  Furthermore, after learning of Silo Pharma's rights in the SILO PHARMA name and mark, SW attempted to foster confusion through its trademark applications by purporting to expand the products and services in which it seeks to claim common law rights.

An Actual Controversy Exists Between the Parties

22.     During a call between the parties' counsel on or about October 21, 2020, SW's counsel stated that unless Silo Pharma agreed to SW's demand to cease use of the name SILO, SW would "have to take it to a court" and signaled that it would seek preliminary injunctive relief, either via a motion for preliminary

injunction or temporary restraining order, imminently, in connection with a claim for trademark infringement.

23.    SW's position is consistent with its representations to the USPTO. SW on October 2, 2020 filed petitions in the USPTO to expedite prosecution of the two applications (Ser. Nos. 90222176 and 90222291) for the Claimed Marks.  In the petitions, SW made the following representations to the USPTO:

> It has come to our attention that another company is intending to hold itself out as Silo Pharma in the biotechnology sector as a publicly traded company. We already possess common law protection and priority. We kindly request a petition to expedite prosecution of this trademark application *as there is an existence of actual infringement and pending litigation regarding the mark and its associated goods and services*.

(Emphasis added.)

24.    SW here claims "actual infringement" by Silo Pharma's continued use of its name and mark SILO PHARMA with pharmaceutical drug development and research services and the use of the stocker ticker symbol SILO for shares publicly traded on the OTC marketplace.  Furthermore, SW has represented to the USPTO that there is "pending litigation" against Silo Pharma, which is located in New Jersey.

25.    SW to date has not retracted its threats to litigate its trademark claims against Silo Pharma and its claims that it is, in fact, pursuing such claims against Silo Pharma.  A declaratory judgment is warranted so that the parties may

determine their rights and obligations concerning the designation "Silo," including

Silo Pharma's use of the name and service mark SILO PHARMA with

pharmaceutical drug development and research services and the use of the stocker

ticker symbol SILO.

## COUNT I

### (Declaratory Judgment of Trademark Noninfringement Under 28 U.S.C. §§ 2201 and 2202 *et seq.* Against Defendant)

1.      Silo Pharma refers to and incorporates herein the allegations of Paragraphs 1-25 above.

2.      A dispute has now arisen between the parties, and an actual and justiciable controversy exists, in that SW asserts, and Silo Pharma denies, that Silo Pharma's use of the term "Silo" infringes the alleged trademark rights of SW.

3.      Silo Pharma requests a declaration and judicial determination by this Court that Silo Pharma's use of "Silo" does not infringe any alleged trademark right of SW.

4.      Silo Pharma has no other existing, speedy, adequate or proper remedy other than a declaration and determination of the parties' rights as prayed for herein.

## PRAYER FOR RELIEF

WHEREFORE, Silo Pharma requests entry of judgment in its favor and against SW declaring as follows:

(a)      Silo Pharma's use of (a) the name and service mark SILO PHARMA, (b) the designation SILO as part of a trade name, trademark or service mark, and/or (c) the stock ticker symbol SILO does not infringe any alleged trademark right of SW;

(b)      Silo Pharma is not required to cease or desist use of the name and service mark SILO PHARMA in relation to mushrooms and psilocybin;

(c)      Silo Pharma is not required to cease or desist use of the stock ticker symbol SILO;

(d)      Silo Pharma may use the name and service mark SILO PHARMA, or any derivations thereof, in any website, website source code, domain name, domain URL extension, company name, stock ticker symbol, assumed name, social media, account, online postings, videos, any kind of advertising materials, oral or written, including within keyword ad text and the search terms for keyword ads in the future in connection with these or related services;

(e)      Silo Pharma is not required to withdraw Application Ser. No. 90249449 in the USPTO, and any other pending state or federal trademark application for any mark incorporating the designation SILO; and

(f)      Such other and further relief as the Court may deem just and proper.

Dated:  October 27, 2020          Respectfully submitted,
        New York, New York

                                  SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                  */s/ Tyler E. Baker*

                                  Tyler E. Baker (New Jersey Bar No. 44392011)
                                  Paul W. Garrity (*pro hac vice* application
                                  forthcoming)
                                  30 Rockefeller Plaza
                                  New York, New York 10112
                                  tbaker@sheppardmullin.com
                                  pgarrity@sheppardmullin.com
                                  (212) 653-8700 (phone)

                                  James C. Wald (*pro hac vice* application
                                  forthcoming)
                                  1901 Avenue of the Stars, Suite 1600
                                  Los Angeles, California 90067-6017
                                  jwald@sheppardmullin.com
                                  (310) 228-3700 (phone)

                                  *Attorneys for Plaintiff*
                                  *Silo Pharma, Inc.*

## DEMAND FOR JURY TRIAL

Silo Pharma, Inc. demands trial by jury on all issues so triable.

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

*/s/ Tyler E. Baker*

Tyler E. Baker (New Jersey Bar No. 44392011)
Paul W. Garrity (*pro hac vice* application forthcoming)
30 Rockefeller Plaza
New York, New York 10112
tbaker@sheppardmullin.com
pgarrity@sheppardmullin.com
(212) 653-8700 (phone)

James C. Wald (*pro hac vice* application forthcoming)
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
jwald@sheppardmullin.com
(310) 228-3700 (phone)

*Attorneys for Plaintiff*
*Silo Pharma, Inc.*

Dated:        October 27, 2020

## **CERTIFICATION OF NON-ARBITRABILITY**

Pursuant to Local Civil Rule 201.1(d)(2), the undersigned attorneys for Plaintiff Silo Pharma, Inc. certify that this action is not eligible for arbitration under Local Civil Rule 201.1 because the relief sought in the Complaint does not consist only of money damages not in excess of $150,000 exclusive of interest and costs and any claim for punitive damages, and involves complex issues of trademark law.

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned attorney for Plaintiff Silo Pharma, Inc. certifies under the penalty of perjury under the Laws of the United States of America that, to the best of his knowledge after investigation, the matter in controversy is not the subject of another action pending in any court or of any arbitration or administrative proceeding.

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

*/s/ Tyler E. Baker*

Tyler E. Baker (New Jersey Bar No. 44392011)
Paul W. Garrity (*pro hac vice* application forthcoming)
30 Rockefeller Plaza
New York, New York 10112
tbaker@sheppardmullin.com
pgarrity@sheppardmullin.com
(212) 653-8700 (phone)

James C. Wald (*pro hac vice* application forthcoming)
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
jwald@sheppardmullin.com
(310) 228-3700 (phone)

*Attorneys for Plaintiff*
*Silo Pharma, Inc.*

Dated:        October 27, 2020